IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES DOUGLAS NICHOLS | ) | |
| | ) | |
| Petitioner, | ) | 4:05CV3105 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, Director of | ) | MEMORANDUM OPINION |
| the Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on respondent's motion to dismiss (Filing No. 9).  Having reviewed the motion, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that respondent's motion should be granted for reasons explained below.

## Background

Petitioner was convicted in the District Court of Douglas County, Nebraska, of forgery and was sentenced on April 1, 2004, to the Nebraska State Department of Corrections for a indeterminate prison term of two to four years.  Petitioner was paroled on January 12, 2005.  Upon learning that petitioner had left the State of Nebraska without permission, the Board of Parole issued a warrant for his arrest.  Petitioner was arrested on April 4, 2005, in South Dakota for violating parole travel conditions and absconding parole supervision.

In a hearing before a circuit court judge in South Dakota, on April 18, 2005, petitioner freely and voluntarily waived his rights to demand counsel, test the legality of his arrest, and apply for a writ of habeas corpus.  Petitioner also waived all rights associated with his extradition.  Nebraska Department of Correctional Services ("DCS") officials picked up the petitioner in South Dakota on April 19, 2005.

Approximately two weeks after his extradition, petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.  Petitioner alleges that he should immediately be released from prison because the DCS failed to timely extradite him from South Dakota.  The State of Nebraska seeks dismissal of this action on the ground that the manner in which petitioner was extradited does not present a federal question entitling petitioner to habeas corpus relief.

## Discussion

### A. Failure to State a Claim for Habeas Corpus Relief

Petitioner seeks habeas corpus relief solely on the ground that DCS officials failed to timely extradite him from South Dakota.  After reviewing the applicable law, the Court finds that petitioner has failed to state a claim entitling him to relief.

Federal habeas corpus relief is available to a state prisoner "only on the ground that he is in custody in violation

of the Constitution or laws or treaties of the United States."
*Williams v. Lockhart*, 849 F.2d 1134, 1139 (8th Cir. 1988).  To be
entitled to habeas relief, the prisoner must be attacking the
detention itself, not merely a proceeding that is collateral to
detention.  *Id*.  Moreover, a prisoner cannot utilize a writ of
habeas corpus to challenge extradition where the prisoner
expressly waived extradition and does not challenge his or her
underlying conviction.  *Curtis v. Bennett*, 351 F.2d 931, 932 (8th
Cir. 1965).,

In *Curtis*, an Iowa state prisoner filed a writ of
habeas corpus contesting the revocation of his parole and his
extradition from the State of Illinois.  Specifically, the
prisoner contended that he was entitled to habeas corpus relief
because he was returned to the penitentiary without extradition
formalities.  *Id*.  The state district court and Iowa Supreme
Court denied relief finding that the prisoner's extradition was
in conformity with Iowa law.  *Id.* at 933.  The Eighth Circuit
affirmed holding that "the manner in which petitioner was retaken
to resume the service of his legal sentence does not present any
federal question bearing upon his right to relief by habeas
corpus."  *Id*.  In reaching this conclusion, the circuit relied
heavily on the petitioner's agreement to waive extradition as
well as the discretion left to the states to dictate the manner
and terms of parole revocation.  *Id.; see also Wright v. Settle*,

293 F.2d 317, 319 (8th Cir. 1961) (where prisoner violates terms of conditional release and process requirements are waived by prisoner, return of prisoner to custody cannot be claimed to be unlawful and prisoner has no right to release from custody through habeas corpus).

Similarly, in the present case, petitioner expressly waived extradition before the circuit court in South Dakota. Moreover, like the prisoner in *Curtis*, the petitioner has not challenged the validity of his underlying conviction for forgery. Petitioner merely contends that he should be released from prison because DCS officials failed to extradite him from South Dakota within ten days.  This argument simply lacks merit.  There is no specified time frame in either the extradition paperwork signed by the petitioner or the Nebraska statutes requiring DCS officials to extradite a parolee within a specified period of time.  Because the petitioner merely challenges the manner in which he was retaken to resume the service of his legal sentence, he has not presented a federal question entitling him to habeas corpus relief.

**B.   Failure to Exhaust State Remedies**

Even assuming that petitioner has stated a claim for habeas corpus relief, he would still be precluded from asserting those claims in federal court because he failed to exhaust his state remedies.  A state prisoner seeking to raise claims in a

-4-

federal petition for habeas corpus must first present those claims to the state court and must exhaust state remedies.  *Weeks v. Bowersox*, 119 F.3d 1342, 1349 (8th Cir. 1997); *see also McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990) (exhaustion of state remedies is a prerequisite to the filing of an application for a writ of habeas corpus).  The purpose behind requiring exhaustion of state remedies is to allow states to correct any possible constitutional violations without unnecessary intrusion by the federal courts.  *Weeks,* 119 F.3d at 1350.  While a state has the power to waive the exhaustion requirement, waiver will only be found where the state "unequivocally concedes in pleadings that a petitioner's claims in the appropriate state courts have been exhausted."  *Hampton v. Miller*, 927 F.2d 429, 431 (8th Cir. 1991).  Where the state does not assert an exhaustion argument, a petitioner's failure to exhaust state remedies may be raised sua sponte by a federal court.  *McCartney*, 902 F.2d at 617.  Prisoners in Nebraska may apply for state habeas corpus relief pursuant to Revised Statutes of Nebraska § 29-2801 (2003).

To the Court's knowledge, petitioner has not sought relief under this statute.  Because petitioner did not seek state habeas relief under § 29-2801 prior to filing his federal petition, petitioner failed to exhaust his state remedies and is, therefore, precluded from seeking federal relief.

Petitioner's failure to exhaust his state remedies, however, is not dispositive.  Even if petitioner had exhausted his state remedies, he would nevertheless be precluded from obtaining federal habeas corpus relief because, as discussed *supra*, he has not presented a federal question entitling him to relief.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of August, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court